**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Criminal Case No. 16-cr-0218-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    **MICHAEL DARRYL HARDEN**,

      Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

---

This matter is before the Court on *pro se* Defendant Michael Darryl Harden's

"Motion Seeking Reconsideration of Post-Conviction Judgment" ("the Motion") in which

Mr. Harden asks this Court to reconsider the denial of his previously-filed Motion to

Vacate (ECF No. 63) under 28 U.S.C. § 2255.  (ECF No. 69.)  As directed by the Court,

the Government filed a response to the Motion (ECF No. 77) and Mr. Harden used the

opportunity provided by the Court to submit a reply (ECF No. 79).

### I. BACKGROUND

Mr. Harden was charged with two counts of bank robbery under 18 U.S.C.

§ 2113(a) ("Counts One and Two") and with use of a firearm in furtherance of a crime of

violence under 18 U.S.C. § 924(c)(1)(A)(ii) ("Count Three").  (ECF No. 14.)  Mr. Harden

entered a guilty plea to Count Three of the Indictment, and the Government dismissed

Counts One and Two.  (ECF Nos. 42; 50; 55.)  On May 30, 2017, U.S. District Court

Senior Judge Wiley Y. Daniel sentenced Mr. Harden to a term of imprisonment of 84

months.  (ECF Nos. 56; 57.)  Mr. Harden did not appeal his conviction by guilty plea or the sentence imposed on him.

Mr. Harden filed a § 2255 Motion to Vacate on the grounds that he was sentenced under 28 U.S.C. § 924(c)(3)(B), the "residual risk of force" clause, which the Tenth Circuit found to be unconstitutional in 2018.  (ECF No. 63.)  *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018).

Judge Daniel denied the § 2255 Motion to Vacate on the grounds that Mr. Harden waived his right to appeal or collaterally challenge his conviction and the sentence imposed; that Mr. Harden did not argue ineffective assistance of counsel or prosecutorial misconduct; and that Mr. Harden was not sentenced under the portion of § 924(c) that the Tenth Circuit had found to be unconstitutional.  (ECF No. 68.)

On May 13, 2019, Mr. Harden filed the instant Motion arguing that the Court misapprehended the controlling law and failed to address certain claims presented in his § 2255 Motion to Vacate, focusing on Judge Daniel's conclusion that Mr. Harden was not sentenced under the unconstitutional portion of § 924(c).  (ECF No. 69 at 3.) Two days later, this matter was drawn to the undersigned upon Judge Daniel's passing. (ECF No. 74.)

## II. ANALYSIS

In a criminal case,

> [a] motion to reconsider may be granted when the court has
> misapprehended the facts, a party's position, or the law.
> Specific grounds include: (1) an intervening change in the
> controlling law, (2) new evidence previously unavailable, and
> (3) the need to correct clear error or prevent manifest
> injustice.  A motion to reconsider should not be used to
> revisit issues already addressed or advance arguments that

could have been raised earlier.

*United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (internal quotation marks and citations omitted).

The Court must construe the Motion liberally because Mr. Harden is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Upon review of the Motion and the entire file, the Court concludes that Mr. Harden fails to demonstrate that any of the grounds justifying reconsideration exist in his case. As discussed below, the prior Order denying the § 2255 Motion to Vacate did not misapprehend Mr. Harden's position that he was sentenced under the § 924(c) clause later found unconstitutionally vague. The Court rejects the Mr. Harden's contention that he was sentenced under that provision, and does not disturb its prior ruling that Mr. Harden was sentenced under § 924(c)(3)(A). As a result, Mr. Harden's appellate waiver fully applies and controls.

Mr. Harden's plea agreement contains waivers of his right to appeal and collaterally attack his conviction and sentence. (ECF No. 42 at 2–3.) Among other things, his collateral challenge waiver does not, however, prevent him from seeking relief otherwise available if he "should receive the benefit of an explicitly retroactive changing in the sentencing guidelines or sentencing statute." (*Id.* at 3.) Mr. Harden argues that he was sentenced under the residual risk of force clause of § 924(c). The Tenth Circuit in *Salas* declared the residual risk of force clause of §924(c) unconstitutional after Mr. Harden was sentenced, but before he filed his § 2255 Motion

3

to Vacate. *See Salas*, 889 F.3d 681. During briefing on the instant Motion, the Supreme Court also found the residual risk of force clause in § 924(c) to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019).

Although *Davis* is not "explicitly retroactive," the Supreme Court found that a similarly worded, unconstitutionally vague residual clause was a substantive decision and thus had retroactive effect. *Welch v. United States*,136 S. Ct. 1257, 1264–65 (2016); *see Johnson v. United States*, 135 S. Ct. 2551 (2015). Out of an abundance of caution, the Court will consider whether Mr. Harden was sentenced under the clause which the courts have since found to be unconstitutionally vague.

Mr. Harden contends that the Court misunderstood his argument as well as the controlling law. (ECF No. 69 at 3–4.) Mr. Harden argues that the Court failed to address his argument that federal bank robbery, 18 U.S.C. § 2113(a), may be committed by larceny, which does not require a threat of violent force. (*Id.* at 3.) Thus, he contends, "federal bank robbery § 2113(a) committed by larceny is categorically a crime of violence under the unconstitutionally vague 'residual' clause of § 924(c)(3)(B)." (*Id.*)

Section 2113(a) defines two separate ways of committing federal bank robbery: (1) taking property or a thing of value belonging to a bank "by force and violence, or by intimidation"; and (2) entering a bank with the intention of committing any felony affecting the bank that violates U.S. statute, or "any larceny." In *United States v. McCranie*, 889 F.3d 677, 678 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1260 (2019), the Tenth Circuit addressed "whether federal bank robbery by taking property by force,

violence, or intimidation qualifies categorically as a crime of violence." The court

analyzed only the first clause—the "force, violence, and intimidation" clause—of the

federal bank robbery statute because the parties only raised that portion of the statute

in the appeal. *Id.* at 678 n.1. After deciding that intimidation "qualifies as a threatened

use of physical force," the Tenth Circuit concluded that the district court properly

labeled the defendant's "instant and prior convictions" for bank robbery by intimidation

as "crimes of violence." *Id.* at 680–81. In a footnote, the Tenth Circuit added that

"federal bank robbery convictions are categorically crimes of violence." *Id.* at 681 n.7.

Under Tenth Circuit law, Mr. Harden's federal bank robbery charges in violation

of § 2113(a) are thus categorically crimes of violence under § 924(c). Mr. Harden's

attempts to distinguish *McCranie* are unavailing. He fails to recognize that the Tenth

Circuit's broad holding—that the crime of federal bank robbery is categorically a crime

of violence—applies despite factual differences and the dissimilar procedural posture.

The Court notes that Counts One and Two charged Mr. Harden with violating the "force,

violence, and intimidation" clause of § 2113(a), not the second clause. Mr. Harden's

plea agreement also explicitly states that he "committed the crime of Bank Robbery, in

violation of 18 U.S.C. § 2113(a), which is a crime of violence." (ECF No. 42 at 3.)

Under these circumstances and the controlling law, the crimes with which Mr. Harden

was charged, namely federal bank robbery, are crimes of violence.

Because federal bank robbery under in violation of § 2113(a) is categorically a

crime of violence, Mr. Harden was sentenced under § 924(c)(3)(A). Accordingly,

Mr. Harden was *not* sentenced under the unconstitutionally vague residual use of force

clause in § 924(c)(3)(B).

Mr. Harden's appellate and collateral challenge waivers state that he may only appeal or challenge his conviction or sentence under specific circumstances. As discussed above, Mr. Harden was not sentenced under the unconstitutionally vague portion of § 924(c), and therefore cannot show that he "should receive the benefit of a[ ] . . . change in the sentencing guideline or sentencing statute." (*See* ECF No. 42 at 3.) Nor has Mr. Harden argued that he was deprived of effective assistance of counsel or prejudiced by prosecutorial misconduct. (*See id.*) Therefore, Mr. Harden has presented no reasons why the Court should not enforce his appellate and collateral challenge waivers, or why it should reconsider its prior Order denying his § 2255 Motion to Vacate.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Petitioner's "Motion Seeking Reconsideration of Post-Conviction Judgement" (ECF No. 69) is DENIED.

Dated this 10th day of October, 2019.

BY THE COURT:

William J. Martínez
United States District Judge