**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-0218-WJM-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    **MICHAEL DARRYL HARDEN**,

     Defendant.

---

**ORDER ADOPTING AS-MODIFIED RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak that Defendant Michael Darryl Harden's Motion for Judicial Recommendation of Home Confinement (ECF No. 86) and Motion for Compassionate Release (ECF No. 94) be denied ("Recommendation").  (ECF No. 109.) The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the reasons set forth below, the Recommendation is adopted as modified below.

**I.  BACKGROUND**

In March 2017, Defendant Michael Darryl Harden entered a guilty plea to the crime of using, carrying, or brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) & (c)(1)(A)(ii).  (ECF No. 46.)  In July 2017, the late U.S. District Judge Wiley Y. Daniel sentenced Defendant to an 84-month term of imprisonment.  (ECF No. 57.)

On April 17, 2020, Defendant filed his Motion for a Judicial Recommendation of Home Confinement, seeking a recommendation from the Court to the U.S. Bureau of Prisons that he be placed in home confinement for the remainder of his sentence. (ECF No. 86.)  On April 30, 2020, the Government filed its Response.  (ECF No. 91.) On May 15, 2020, Defendant filed his Motion for Compassionate Release. (ECF No. 94.)  On the same day, the Court referred both Motions (ECF Nos. 86, 94) to the Magistrate Judge for a recommended disposition.  (ECF Nos. 95, 96.)  On May 29, 2020, the Government filed its Response to Defendant's Motion for Compassionate Release.  (ECF No. 101.)

On June 8, 2020, the Magistrate Judge entered a Recommendation that Defendant's Motions be denied.  (ECF No. 109.)  On June 23, 2020, Defendant filed his Objection to the Recommendation, but only as to the Motion for Compassionate Release.  (ECF No. 113.)

## II.  LEGAL STANDARDS

### A.    Motions for Compassionate Release / Reduced Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a federal court may reduce or otherwise modify a prisoner's sentence if it finds, subject to certain other conditions, that "extraordinary and compelling reasons warrant such a reduction."  Evaluating a motion for a reduced sentence further requires a court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and to determine that such a reduction would be "consistent with applicable policy statements issued by the [U.S.] Sentencing Commission" ("Commission").  *Id.* § 3582(c)(1)(A).  Among other things, the

Commission's policy statement on § 3582(c) proscribes reduction of a sentence unless the court finds that the prisoner is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).

**B.     Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, the district court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a timely and specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed R. Civ. P. 72(b)(3).

### III.  ANALYSIS

**A.     Defendant's Motion for Compassionate Release**

In recommending that Defendant's Motion be denied, the Magistrate Judge reasoned that even if "extraordinary and compelling" reasons warrant a reduction in Defendant's sentence, the sentencing factors set forth in 18 U.S.C. § 3553(a) and the fact that Defendant presents a danger to the community ultimately weigh against reducing Defendant's sentence to time served.  (ECF No. 109.)  The Court agrees, and further concludes that extraordinary and compelling reasons do not exist to warrant a

reduction in Defendant's sentence.

1.   Extraordinary & Compelling Reasons (COVID-19 & Defendant's
      Medical Conditions)

Defendant asserts that because he suffers from asthma,[1] has a history of

bronchitis,[2] and has the sickle-cell trait, he is at an increased risk for developing a

serious illness should he contract COVID-19.  (*Id.* at 3.)  For present purposes, the

Court accepts this as true.  However, Defendant does not assert, and the Court

otherwise has no reason to believe, that anyone in Defendant's facility has tested

positive for the virus.

By now, many courts have denied prisoners relief even when others at his or her

facility have tested positive—indeed, even when the movants have serious pre-existing

medical conditions.  *See United States v. Roberts*, 2020 WL 1700032 (S.D.N.Y. Apr. 8,

2020) (denying compassionate release to HIV-positive defendant in a facility with

confirmed COVID-19 cases); *United States v. Credidio*, 2020 WL 1644010 (S.D.N.Y.

Apr. 2, 2020) (denying compassionate release where there were confirmed cases in the

facility); *United States v. Korn*, 2020 WL 1808213 (W.D.N.Y. Apr. 9, 2020) (denying

───────────────────

[1] According to the Centers for Disease Control and Prevention, "[h]aving moderate-to-severe asthma may increase your risk for severe illness from COVID-19."  Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last updated July 30, 2020).  However, Defendant's medical records reflect that his asthma is "exercise induced only," has "decreased with age," and that he only "occasional[ly]" uses his inhalers.  (ECF No. 94-2 at 2, 23.)  It therefore isn't clear whether Defendant's asthma can be considered "moderate-to-severe" and whether his asthma puts him at an increased risk of severe illness from the coronavirus.  *See United States v. Lampkin*, 2020 WL 4016115, at *2 (D. Colo. July 16, 2020).

[2] Defendant does not point to and the Court does not see evidence in the record supportive of this assertion.

4

compassionate release where defendant suffered from a serious heart condition and his facility had confirmed cases); *United States v. Hays*, 2020 WL 1698778 (S.D. Ala. Apr. 7, 2020) (similar); *but see, e.g.*, *United States v. Jenkins*, — F. Supp. 3d —, 2020 WL 2466911 (D. Colo. May 8, 2020) (Kane, J.).

And certainly, the weight of authority thus far dictates that extraordinary and compelling reasons generally do not exist where there have been no confirmed cases at the prisoner's facility. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Thus, because Defendant does not contend that the coronavirus is present at his detention facility, the Court concludes that extraordinary and compelling reasons do not exist to warrant a reduction in Defendant's sentence. *See United States v. Williams*, 2020 WL 3316004 (D. Colo. June 18, 2020); *United States v. Yurek*, 2020 WL 3415371 (D. Colo. June 22, 2020).

### 2. Section 3553(a) Sentencing Factors

Further, the Court agrees with the Magistrate Judge's conclusion that even if extraordinary and compelling reasons existed to warrant a reduction in Defendant's sentence, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against granting him such relief.

Defendant emphasizes that he had no criminal history prior to the instant offense, and that he has not been subject to any discipline while incarcerated. (ECF No. 113.) The Court has considered these facts, but concludes that they quite clearly do not outweigh the seriousness and extremely dangerous nature of the offense of conviction. *See id.* § 3553(a)(1) & (a)(2)(A). Defendant's sentence arises out of two armed bank robberies during which he brandished a firearm. The gravity of these

crimes is reflected in the length of Defendant's mandatory-minimum sentence and in victim impact statements submitted to the Court (*see* ECF Nos. 106, 107).  Reducing Defendant's sentence today to time served would mean that he would have served substantially less than *half* of his 84-month sentence.  In the Court's view, such a relatively brief period of imprisonment would be insufficient to accomplish the goals of sentencing as set forth in § 3553(a); most significantly, it would fail to reflect the seriousness of the offense.

3. <u>Danger to the Public</u>

Moreover, the Court is not satisfied at this time that Defendant does not pose a danger to the safety of other persons or to the community.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2).  In his guilty plea, Defendant stipulated that he threatened to shoot bank employees if they did not comply with his demands (ECF No. 46), and he is also alleged to have trained the laser sight of his firearm at the head of an employee during one of the *two armed bank robberies* that he committed (ECF No. 52-1).  Moreover, these robberies occurred six months apart from each other.  (ECF No. 46.)  The Court agrees with the Magistrate Judge that this lapse in time belies Defendant's assertion that his commission of these robberies can be chalked up to "aberrant behavior."  (ECF No. 109 at 7 (citing ECF No. 107 at 7).)  As such, the Court cannot conclude that Defendant's lack of disciplinary history while incarcerated, and lack of criminal history prior to the instant offense establish that Defendant does not present a danger to the public.

Because the Court concludes that Defendant may pose "a danger to the safety of any other person or to the community," U.S.S.G. § 1B1.13(2), reducing Defendant's

sentence at this time would not be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A); *United States v. Eberhart*, 2020 WL 1450745, at \*2, — F. Supp. 3d. — (N.D. Cal. Mar. 25, 2020).  Accordingly, Defendant's Motion for a reduced sentence will be denied.

**B.    Defendant's Motion for Judicial Recommendation of Home Confinement**

Defendant did not object to the Magistrate Judge's Recommendation that Defendant's Motion for a Judicial Recommendation of Home Confinement be denied (*see* ECF No. 113), so the Court reviews the Recommendation in this respect only for clear error.  *See* Fed. R. Civ. P. 72; *Summers*, 927 F.2d at 1167.  The Court finds none, and the Recommendation in this respect will therefore be adopted.  Defendant's Motion for Judicial Recommendation of Home Confinement will be denied.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    The Recommendation (ECF No. 109) is ADOPTED as modified;

2.    Defendant's Motion for Compassionate Release (ECF No. 94) is DENIED; and

3.    Defendant's Motion for Judicial Recommendation of Home Confinement (ECF No. 86) is DENIED.

Dated this 5th day of August, 2020.

BY THE COURT:

William J. Martinez
United States District Judge

7