**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 16-cr-218-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    MICHAEL HARDEN,

    Defendant.

---

**ORDER ADOPTING JANUARY 5, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on United States Magistrate Judge Scott T. Varholak's January 5, 2021 Report and Recommendation ("Recommendation") (ECF No. 141), that the Court deny Defendant Michael Harden's Renewed Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion") (ECF No. 128). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Harden filed an Objection to the Recommendation on January 19, 2021. (ECF No. 146.) For the following reasons, Harden's Objection is overruled, and the Recommendation is adopted in its entirety.

**I. BACKGROUND**

On March 1, 2017, Harden pleaded guilty to one count of using a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 2113(a). (ECF Nos. 41 & 42.) On May 30, 2017, United States District Judge Wiley Y. Daniel sentenced Harden

to 84 months' incarceration.  (ECF Nos. 56 & 57.)  Harden is currently incarcerated at FCI Englewood and has served approximately 46 months of his sentence.

On May 15, 2020, Harden filed his first Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (ECF No. 94.)  The Court denied the motion, finding that extraordinary and compelling reasons did not warrant Harden's release because Harden did not contend that an outbreak of COVID-19 was present at his facility, and the sentencing factors set forth in 18 U.S.C. § 3553(a) counseled against his release.  (ECF No. 115 at 5–7.)

On December 10, 2020, Harden filed the instant Motion.  (ECF No. 128.)  Harden argues that he is entitled to immediate release because, in the time since his prior motion, there was a COVID-19 outbreak at his facility, and he tested positive for COVID-19.  (*Id.* at 3–10.)  The Government filed a response to the Motion (ECF No. 135), and Harden filed a reply (ECF No. 138).

On January 5, 2021, Judge Varholak issued his Recommendation that the Motion be denied.  (ECF No. 141.)  He first found that Harden's race, health conditions, and the infection rate at the facility likely constituted extraordinary and compelling circumstances.  (*Id.* at 7–8.)  In considering the 18 U.S.C. § 3553(a) sentencing factors, however, Judge Varholak determined that the Motion should be denied.  (*Id.* at 8–12.)  Specifically, he noted that Harden had committed two armed robberies within several months, in which he had brandished weapons, and once threatened to shoot a bank employee, indicating that he may be a danger to the public if released.  (*Id.* at 8–9.)  Judge Varholak concluded that resentencing Harden to little more than half of his original sentence would not reflect the severity of his crimes.  (*Id.* at 11–12.)

Harden filed his Objection to the Recommendation on January 19, 2021.  (ECF No. 146.)  The Government did not file a response to the Objection.

## II. LEGAL STANDARD

**A.   Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 73(b)(3).  An objection to a recommendation is properly made if it is both timely and specific.  *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.*  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.   Compassionate Release Framework**

The Court may grant what is commonly referred to as "compassionate release."  The statutory basis for compassionate release is as follows:

3

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > (ii) the defendant is at least 70 years of age [along with various other conditions not relevant here];
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c).

Essentially, to release an inmate from confinement immediately under this authority, the Court would need to re-sentence him to time served. To merit such relief, the inmate must first demonstrate "extraordinary and compelling reasons" that are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A) & (c)(1)(A)(i).

One Sentencing Commission policy statement that appears potentially relevant here is the following:

> [E]xtraordinary and compelling reasons exist [if] * * * [t]he

>> defendant is—
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. 1(A)(ii). The same policy statement also contains a safety valve for unexpected circumstances specific to the inmate: "[E]xtraordinary and compelling reasons exist [if] * * * [a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons [explicitly set forth]." *Id.* cmt. 1(D).

## III. ANALYSIS

### A.   Extraordinary and Compelling Circumstances

Harden seeks immediate release based on his medical condition of sickle-cell trait, which he posits is a serious health condition. (ECF No. 128.) Judge Varholak determined that Harden's condition, coupled with the recent outbreak at the facility, may constitute extraordinary and compelling circumstances. (ECF No. 141 at 7–8.)

The Government does not object to Judge Varholak's finding that extraordinary and compelling circumstances may exist, and the Court finds no clear error in this finding. The Court therefore assumes for the purpose of this Order that extraordinary and compelling circumstances may exist, and proceeds to the question of whether the § 3553(a) factors favor release.

**B.     § 3553(a) Factors**

Judge Varholak found that, even assuming that extraordinary and compelling circumstances exist, the § 3553(a) factors counsel against resentencing Harden to a sentence of time served. (ECF No. 141 at 8–12.) He emphasized that Harden was armed with a firearm during commission of his offenses. (*Id.* at 8.) Further, Harden's seven-year sentence represents the statutory minimum for his offense. (*Id.* at 9.) Given the threat of violence involved in Harden's crimes, and that he has served little more than half of his sentence, Judge Varholak concluded that the Motion should be denied. (*Id.* at 10–12.)

In his Objection, Harden argues that he has served more than half of his sentence, has committed to rehabilitation during his incarceration, and has maintained a close relationship with his family. (ECF No. 146 at 5–11.) He further argues that, apart from the offenses leading to his current incarceration, he has no criminal history within the past 30 years. (*Id.* at 3.)

While Harden's conduct during his incarceration and continued relationship with his family are encouraging, Harden's crimes were very serious. As Judge Varholak noted, Harden brandished a weapon and verbally threatened employees of the bank he robbed. (ECF No. 141 at 9.) Given the dangerous nature of his crimes and the already lenient sentence imposed, the Court finds that a sentence of time served (approximately 46 months) would not be consistent with "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed * * * to reflect the seriousness of the offense [and] * * * afford adequate deterrence to criminal conduct," § 3553(a)(2)(A)–(B); "the kinds of sentence and the sentencing range established for [Harden's crimes],"

§ 3553(a)(4). Accordingly, compassionate release is not appropriate in Harden's case.

The Court therefore adopts the Recommendation and denies Harden's Motion.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Harden's Objection (ECF No. 146) is OVERRULED;

2. The Recommendation (ECF No. 141) is ADOPTED in its entirety; and

3. Harden's Motion (ECF No. 128) is DENIED.

Dated this 13th day of April, 2021.

BY THE COURT:

William J. Martínez
United States District Judge